IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDWARD L. FLETCHER, JR.,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 11-cv-343-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Edward L. Fletcher, Jr.'s motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Government filed its response to the motion (Doc. 6).

1. **Facts**

On January 21, 2010, Fletcher entered a guilty plea to one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). *See United States v. Fletcher*, Case No. 09-cr-40043, Doc. 40. The written plea agreement included a waiver of Fletcher's rights to appeal and collaterally attack his sentenced (Doc. 34, pp. 9-11 in criminal case). The plea agreement, however, does provide that his appellate and collateral attack waiver shall not apply to changes in law that are declared retroactive or "appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission." Doc. 34, p. 10 in criminal case.

On April 30, 2010, the undersigned judge sentenced Fletcher to 262 months imprisonment, eight years supervised release, a $100 special assessment, and a $200 fine (Doc. 40 in criminal case). Fletcher did not file a direct appeal, nor did he apply for a writ of certiorari

to the Supreme Court of the United States.  However, a portion of his instant § 2255 motion was construed as a motion for retroactive application of the new crack cocaine sentencing guidelines on November 17, 2011, and that motion is still pending before this Court. (Doc. 45 in criminal case).

The instant motion was timely filed on April 25, 2011, alleging Fletcher is entitled to relief (1) under the Fair Sentencing Act of 2010; (2) under the new "recency" amendment; (3) pursuant to Amendment 750 of the United States Sentencing Guidelines; and (4) based on the Government's failure to file a Rule 35(b) motion as a result of his substantial assistance.  The Court ordered the Government to respond to Fletcher's motion.  The Court will address Fletcher's grounds for relief in turn.

## 2. Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.  However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

### a. Crack Reduction Arguments in Grounds One and Three

Grounds One and Three of Fletcher's § 2255 motion include arguments that he is entitled to a reduced sentence based on recent changes in crack sentencing. Because Fletcher has appointed counsel to represent him in his criminal case with regard to his crack reduction motion, the Court dismisses Grounds One and Three of Fletcher's § 2255 motion.

### b. "Recency" Amendment

Next, Fletcher argues that the new "recency" amendment entitls him to a two-point reduction of his criminal history points. Points added under section § 4A1.1(e) of the United States Sentencing Guidelines are referred to as "recency" points and add points to a defendant's criminal history depending on the number and recency of previous sentences. *See* U.S.S.G. § 4A1.1(e). On November 1, 2010, Congress passed Amendment 742 that eliminates these "recency" points. *See Ortiz v. Cross*, No. 12-cv-317-DRH, 2012 WL 3646043, at *1 (S.D. Ill. Aug. 23, 2012). Title 18 U.S.C. § 3582(c) provides that a Court may reduce a sentence where a defendant was sentenced "based on a sentencing range that has been subsequently lowered . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Guidelines." 18 U.S.C. § 3582(c). Section 1B1.10 of the USSG, the relevant policy statement, identifies amendments that are authorized for retroactive application under 18 U.S.C. § 3582(c). Amendment 742 is not listed as eligible for retroactive application. Accordingly, Amendment 742 does not impact Fletcher's sentence, and the Court dismisses Ground Two of Fletcher's § 2255 motion.

### c. Rule 35(b)

Fletcher's § 2255 motion further alleges the Government inappropriately failed to file a Rule 35(b) motion for reduction of Fletcher's sentence. The Government was ordered to respond

to that allegation; however, the Government filed no such response.  The Court also notes that Fletcher filed a motion to compel the Government to file a Rule 35(b) motion in his criminal case.  *See United States v. Fletcher*, Case No. 09-cr-40043, Doc. 47.  The Court orders the Government to respond to Fletcher's Rule 35(b) allegations within this § 2255 case.

### 3. Conclusion

For the foregoing reasons, the Court **DISMISSES** Grounds One, Two, and Three of Fletcher's § 2255 motion.  The Court **ORDERS** the Government to respond to Fletcher's Rule 35(b) allegations, construed as Ground Four by this Court, by **February 27, 2013**.  The Government shall, as part of its response, attach all relevant portions of the record.  Fletcher may file a reply brief (no longer than 5 pages) by **March 13, 2013**.  If review of the briefs indicates that an evidentiary hearing is warranted, the court will set the hearing by separate notice and, if Petitioner qualifies under 18 U.S.C. § 3006A, appoint counsel to represent him at the hearing.

**IT IS SO ORDERED.**

**DATED:** January 31, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**